# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| VICTORIA B. FOXWORTHY, MOTHER, NEXT-OF-KIN, AND CO-ADMINISTRATOR OF THE ESTATE OF JARROD TY FOXWORTHY, DECEASED, ET AL., | Case No. 2:18CV00040 |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | By: James P. Jones<br>United States District Judge |
| RYAN JOSEPH SLUSS, ET AL., | |
| Defendants. | |

*David Randolph Smith, David Randolph Smith & Associates, Nashville, Tennessee, for Plaintiffs; Timothy W. McAfee, Big Stone Gap, Virginia, for Defendants.*

This civil case arises out of the death of Jarrod Ty Foxworthy, a federal inmate, at the hands of his cellmate. The plaintiffs, co-administrators of Foxworthy's estate, bring this *Bevins* action against certain corrections officers at the prison, alleging that the officers were deliberately indifferent to a substantial risk of harm to Foxworthy and to Foxworthy's need for medical care after being attacked. The defendants have moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. For the reasons that follow, I will grant the Motion to Dismiss, but with leave to amend.

I.

The Complaint alleges the following facts, which I must accept as true for the purpose of deciding the Motion to Dismiss.

At the time of his death on October 28, 2016, Jarrod Ty Foxworthy was incarcerated at United States Penitentiary Lee ("USP Lee"), located in this judicial district. Foxworthy was housed in administrative detention in USP Lee's Special Housing Unit ("SHU"). He was in administrative detention because he was at risk of harm from inmates who had obtained a copy of his Plea Agreement and discovered that he had agreed to cooperate with law enforcement.

Foxworthy's cellmate was Eric Horne, who had a history of violence and mental health issues. On October 23, 2016, Foxworthy's parents visited him, and he told them that Horne was "'crazy, paranoid and hearing voices of Jesus and the Devil.'" Compl. ¶ 15, ECF No. 1. Foxworthy also told his parents that he feared for his safety.

At approximately 8:58 p.m. on October 28, 2016, Foxworthy was found unconscious in his cell. An ambulance was called at 9:30 p.m.,[1] and Foxworthy

---

[1] The Complaint alleges both that the ambulance was called at 9:30 p.m. and that it arrived at USP Lee at 9:30 p.m. I have construed this allegation in the light most favorable to Foxworthy.

was transported to a local hospital, where he was pronounced dead. The medical examiner determined that Foxworthy's death was a homicide by strangulation.[2]

After Foxworthy's death, an investigation found that defendants Charles Carter, William Marshall, Jerry Shuler, and Ryan Sluss, all corrections officers at USP Lee, had not been making safety rounds in the SHU every 30 minutes, as required by Bureau of Prisons policy and prison procedures. In addition, they had been falsifying log sheets in which they were required to record that they had made the safety rounds.

All of the officers were subsequently indicted in this court for falsely representing that he or another corrections officer had completed a required round in the SHU when the round had not been completed. Thereafter, all of the officers entered into nonprosecution agreements with the government in which they agreed that they had failed to make rounds and falsified records. The indictments against them were thereafter dismissed without prejudice on motions by the United States. In particular, Sluss agreed that he had failed to make rounds at 6:56 and 8:23 p.m. on October 28, 2016, and Shuler agreed that he had failed to make rounds at various times between October 17 and October 28, 2016.

---

[2] Eric Horne was indicted for first degree murder. He was found to be incompetent and has been committed to the Bureau of Prisons for further evaluation pursuant to 18 U.S.C. § 4241(d)(1). Order, *United States v. Horne*, 2:18CR00010 (W.D. Va. Feb. 21, 2019). In their Complaint, the plaintiffs request that their action be stayed until the conclusion of Horne's prosecution. Compl. ¶ 2, ECF No. 1.

The plaintiffs, co-administrators of Foxworthy's estate, allege that the defendants were aware of strange, dangerous, and violent behavior by Horne and of the risk of injury that he posed to Foxworthy, and that they ignored that risk when they failed to make the required rounds, falsified records, and failed to report Horne's behavior and isolate him. The plaintiffs allege that the defendants' failure to make rounds led Horne to believe that the corrections officers were not watching him, and if the rounds had been performed, the defendants would have noticed Horne's aberrant and violent behavior. They also allege that the defendants present when Foxworthy was found unconscious in his cell were aware that he needed emergency treatment.[3]

The plaintiffs bring their Complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the defendants violated Foxworthy's Fifth and Eighth Amendment rights. In particular, they contend that failing to follow procedures to report and isolate Horne and failing to make safety rounds constituted a deliberately indifferent failure to protect Foxworthy's safety in violation of the Eighth Amendment, and an abusive executive action that shocks the conscience in violation of the Fifth Amendment. They contend that delaying in calling an ambulance after finding

---

[3] The Complaint alleges that John Doe defendants one through 10 are unknown corrections officers or employees who worked at USP Lee. The Complaint alleges that all of the defendants were employed on October 28, 201<u>8</u>. Compl. ¶¶ 3–7, ECF No. 1. I assume that the plaintiffs mean October 28, 2016, the date of the decedent's death.

Foxworthy unconscious in his cell constituted deliberate indifference to Foxworthy's serious medical needs in violation of the Eighth Amendment, as well as an action that shocks the conscience in violation of the Fifth Amendment. Lastly, they allege that the defendants deprived Foxworthy of his right to be protected in life and liberty without notice and an opportunity to be heard in violation of the Fifth Amendment. The defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Motion to Dismiss is ripe for decision.[4]

## II.

Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, the complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating a pleading, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). A complaint does not need detailed factual

---

[4] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

allegations to survive a motion to dismiss; however, it must have more than labels and conclusions or a recitation of the elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

A.

I will first address the plaintiffs' Eighth Amendment claims. The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994). Prison officials violate this duty when two requirements are met. *Id.* at 834. First, "the deprivation alleged must be, objectively, sufficiently serious." *Id.* at 834.[5] Prisoners must show that they are incarcerated under conditions posing a substantial risk of serious harm. *Id.* Second, the prison official must have shown deliberate indifference to inmate health or safety. *Id.* Liability under the deliberate indifference standard requires two showings. *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004). "First, the evidence must show that the official in question subjectively recognized a substantial risk of harm." *Id.* "Second, the evidence must show that the official in question subjectively recognized that his actions were inappropriate in light of that risk." *Id.* The official's actions must be more than merely negligent or unreasonable. *Id.* at 306–07. With respect to the official's subjective knowledge,

---

[5] I have omitted internal quotation marks, citations, and alterations throughout this opinion unless otherwise noted.

it is not enough to show that a reasonable person would have known, or that the official should have known, of the risk or the inappropriateness of the action. *Farmer*, 511 U.S. at 843 n.8.

Here, the defendants argue that the plaintiffs have failed to allege facts sufficient to show that they acted with deliberate indifference. They contend that the allegations regarding their knowledge of Horne's dangerous behavior and the risk of injury that he posed to Foxworthy are conclusory. They also argue that the plaintiffs have not satisfied the requirement that in *Bivens* suits, plaintiffs "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The plaintiffs counter that their allegations regarding the defendants' knowledge, made upon information and belief, are sufficient to state a claim of deliberate indifference at the motion to dismiss stage.

I find that the plaintiffs' allegations are sufficient to show at the motion to dismiss stage that the defendants subjectively recognized a substantial risk of harm to Foxworthy. The plaintiffs allege, upon information and belief, that the defendants knew of Horne's dangerous behavior and of the serious risk he posed to Foxworthy. Although plaintiffs may not plead conclusory allegations of unlawful conduct based upon information and belief, they may do so for specific factual

allegations that they reasonably believe are true but need discovery to confirm. *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 768 (D. Md. 2015).

However, the plaintiffs must also plead facts making it plausible that the defendants subjectively recognized that their actions were inappropriate in light of this risk. Put differently, the defendants must know "that [their] actions exposed [Foxworthy] to a specific risk distinct from the general risks of violence from other inmates and [Horne] to which [Foxworthy] was always exposed, and of which [they were] most certainly aware." *Rich v. Bruce*, 129 F.3d 336, 339 (4th Cir. 1997). It is not enough to show that a reasonable person would have known, or that the defendants should have known, of the inappropriateness of their actions. *Farmer*, 511 U.S. at 843 n.8; *Rich*, 129 F.3d at 340 ("It is clear, then, that [the prison official] had actual knowledge of facts from which a reasonable person might have inferred the existence of the substantial and unique risk to [the inmate] caused by [the official's] conduct. This, however, is not enough to establish a violation of the Eighth Amendment."). It is here that the plaintiffs' allegations fail. They do not allege facts making it plausible that the defendants knew that their actions exposed Foxworthy to risks distinct from those to which he was always exposed. Although their failure to follow safety procedures was certainly improper, the present facts are insufficient to show that it constituted deliberate indifference.

I also find that the facts alleged fail to make it plausible that the defendants were deliberately indifferent to Foxworthy's serious medical needs in violation of the Eighth Amendment. The standard of liability for deliberate indifference to serious medical needs is the same as that for deliberate indifference to a substantial risk of harm. *Parrish*, 372 F.3d at 302 n.10. The plaintiffs have alleged that the defendants present when Foxworthy was found unconscious and injured were aware that he needed emergency treatment, and approximately 30 minutes passed before they called an ambulance. However, the sole fact of the 30-minute delay is insufficient to show that the conditions posed a substantial risk of serious harm to Foxworthy, that the defendants subjectively recognized any risk, or that the defendants subjectively recognized that their acts or failures to act were inappropriate.

B.

As to the plaintiffs' claims of Fifth Amendment due process violations, an executive act violates substantive due process only when the act shocks the conscience. *United States v. Al-Hamdi*, 356 F.3d 564, 574 (4th Cir. 2004). "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). "Historically, this guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property."

*Daniels v. Williams*, 474 U.S. 327, 331 (1986). Having found that the plaintiffs have failed to show that the defendants acted with deliberate indifference, I also find that they have failed to state a substantive due process violation claim. Their actions fail to rise to the level of egregious official conduct that shocks the conscience.

As to the alleged procedural due process violation, courts consider two questions when reviewing such a claim — whether there exists a liberty or property interest which has been interfered with by the state, and whether the procedures attendant upon that deprivation were constitutionally sufficient. *Al-Hamdi*, 356 F.3d at 574. Here, the plaintiffs have not made specific allegations regarding the liberty interest at issue or the procedures by which Foxworthy was deprived of the interest. Rather, they make only a conclusory allegation that the defendants deprived Foxworthy of his "right to be protected in his life, liberty or property . . . without notice and an opportunity to be heard at a meaningful time and in a meaningful manner." Compl. ¶ 30, ECF No. 1. Accordingly, the plaintiffs have failed to state a Fifth Amendment procedural due process violation claim.[6]

---

[6] The defendants also contend that the plaintiffs have failed to state a claim under Virginia's Wrongful Death Act. However, this law merely provides for the survival of Foxworthy's action. *Cf. Carlson v. Green*, 446 U.S. 14 (1980) (holding that whenever the relevant state survival statute would abate a *Bivens*-type action brought against

III.

Although I have found that the Complaint fails to state a claim upon which relief may be granted, the plaintiffs may be able to remedy the defects in the Complaint. Accordingly, dismissal is without prejudice to the plaintiffs filing an amended complaint.

For the foregoing reasons, it is **ORDERED** as follows:

1. The Motion to Dismiss, ECF No. 18, is GRANTED;

2. The Complaint, ECF No. 1, is DISMISSED without prejudice;

3. The plaintiffs may file an amended complaint within 60 days of entry of this Opinion and Order; and

4. The plaintiffs' request that this action be stayed is DENIED without prejudice as MOOT.

ENTER: July 9, 2019

/s/ *James P. Jones*
United States District Judge

---

defendants whose conduct results in death, the federal common law allows survival of the action).