CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

DEC 30 2019

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| Victoria B. Foxworthy, Mother, Next of kin and Co-administrator of the Estate of Jarrod Ty Foxworthy, Deceased; Robert B. Hines, II, Co-administrator of the Estate of Jarrod Ty Foxworthy, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America<br><br>Defendants. | No. 2:18-cv-40-JPJ-PMS<br><br>Judge James P. Jones |

## ORDER ON PLAINTIFFS' PETITION FOR APPROVAL OF WRONGFUL DEATH SETTLEMENT

THIS day came Plaintiffs Victoria Foxworthy and Robert Hines, Esq., Co-Administrators of the Estate of Jarrod Ty Foxworthy, Deceased (Plaintiffs' decedent is referred to herein as "Mr. Foxworthy"), in person and by counsel, and Defendant United States of America, by counsel, and, pursuant to Virginia Code § 8.01-55 and Fed. R. Civ. P. 41, upon Plaintiffs' motion for approval of wrongful-death settlement, and upon notice to the statutory beneficiaries, Plaintiffs moved for approval of the wrongful-death settlement.

It appearing to the Court that the matters agreed upon by the parties as set forth herein be, and the same hereby are, ratified, approved, and confirmed. Specifically, it appearing to the Court that:

1

1. All parties required by law to be convened are convened or are deemed convened by their signatures to this Order or by written notice of the hearing.

2. That on October 28, 2016 30-year old Jarrod Ty Foxworthy was pronounced dead after being strangled to death at USP Lee prison by his cellmate.

3. That Plaintiffs Victoria Foxworthy and Robert Hines duly qualified as Co-Administrators of the Estate of Jarrod Ty Foxworthy, Deceased, in the Circuit Court of Lee County, Virginia, under the provisions of Virginia Code § 64.2-454 on March 28, 2016.

4. That Plaintiffs filed the above-captioned wrongful-death action asserting claims against The United States of America pursuant to the Federal Tort Claims Act.

5. That the Defendant expressed the intention to defend all claims asserted by Plaintiffs.

6. That nevertheless, the Defendant, without admitting any liability, but distinctly denying such, has offered to compromise the claims of Plaintiffs arising out of the death of Mr. Foxworthy. Defendant has agreed to collectively pay Victoria Foxworthy and Robert Hines, Co-Administrators of the Estate of Jarrod Ty Foxworthy, Deceased, contingent upon Court approval, cash in the amount of Two Hundred Thousand Dollars ($200,000.00).

7. That Plaintiffs have represented to the Court that they accept the offer of the Defendant after having considered all factors involved.

8. That the settlement is fair and reasonable under all the circumstances.

9. That the Plaintiffs have represented to the Court that Mr. Foxworthy is survived by

the following statutory beneficiaries as defined by Virginia Code § 8.01-53:

a. Victoria Foxworthy (Jarrod's mother)

    DOB: [redacted]

    576 Goose Creek Resort

    Newport, North Carolina 28570

b. Ty Foxworthy (Jarrod's father)

    DOB: [redacted]

    576 Goose Creek Resort

    Newport, North Carolina 28570

c. Falon Foxworthy (Jarrod's sister)

    DOB: [redacted]

    5200 Summit Lane Manor, Apt. 324

    Raleigh, North Carolina 27613

10.    That Plaintiffs represents that funeral and burial expenses have been paid by Victoria and Ty Foxworthy in the amount of $9,596.00. They are collectively entitled to reimbursement in the amount of $9,596.00 to be paid out of the settlement proceeds.

11.    The parties represent there are no liens in this matter.

    It is **ORDERED** that a reimbursement of $9,596.00 be paid out of the settlement proceeds to Victoria and Ty Foxworthy for funeral and cremation expenses.

It appearing to the Court that attorneys David Randolph Smith, The Law Offices of David Randolph Smith and Associates and John Jessee have provided valuable legal assistance to the Plaintiffs in the prosecution of this matter, it is hereby **ORDERED** that David Randolph Smith & Associates be awarded : $50,000 ($47,000 to David Randolph Smith & Associates and $3,000 to John Jessee). These sums will be paid out of the settlement proceeds in this matter; and,

It further appearing to the Court that certain costs and reimbursable expenses have been incurred and advanced in the amount of $1,922.36. It is hereby **ORDERED** that David Randolph Smith & Associates be reimbursed for costs advanced in the amount of $731,99 and John Jessee, Esq. be reimbursed for costs advanced in the amount of $ 1,190.37 which sums are to be paid out of the settlement proceeds in this matter; and,

It further appearing to the Court that the proposed distribution of the balance of the settlement funds ($ 138,381.64 after payment of attorneys' fees, expenses and funeral and burial expenses) it is **ORDERED** that 80% ($110.785.31) be paid to Victoria and Ty Foxworthy, parents of the deceased, and 20% ($27,676.33) to Falon Foxworthy, sister of the deceased.

Finding that tender of the settlement funds detailed in the Disbursements Sheet (Exhibit 1 to Plaintiff s' Petition for Approval of Wrongful-Death Settlement) has been properly made and acknowledged, it is ORDERED that the Defendant and its employees, independent contractors, is released and fully discharged from all liability for any and all claims, including any claim for attorneys' fees, costs, and interest, which may or can be asserted against Defendants or any employees or independent contractors either now or in the past employed or retained by the Defendant, arising out of the death of Mr. Foxworthy.

All sums set forth in the Disbursement Sheet constitute damages on account of personal physical injuries and physical sickness, within the meaning of Section 104 (a)(2) of the Internal Revenue Code of 1986, as amended. The entire payment is compensatory in nature to compensate the beneficiaries for the loss of Mr. Foxworthy.

ORDERED, that this case be dismissed with prejudice as to Defendant;

ORDERED, that the Clerk of the Court issue certified copies of this Order to all counsel.

ENTERED this  30th  day of  December, 2019.

James P. Jones
U.S. DISTRICT COURT JUDGE